319 So.2d 669

**John T. PARKER**

v.

**The CITY OF FULTONDALE, etc.**

**SC 787.**

Supreme Court of Alabama.

Sept. 4, 1975.

Norris & Davis, Birmingham, for appellee.

John Martin Galese, Birmingham, for appellant.

ALMON, Justice.*

---

* This case was originally assigned to a justice formerly on this court. It has been re-assigned to the writer who has listened to the tape recordings of the oral argument.

This is an appeal from a judgment entered in a declaratory action wherein appellant, John T. Parker, sought a declaration of his rights under a zoning ordinance of the City of Fultondale and requested that the court enjoin the city from revoking his license to operate an automobile repair shop within the City of Fultondale.

Appellant owned property within the city limits of Fultondale. On and before November 8, 1972, the property was zoned by the city and classified under its zoning ordinance as a "General Business District" under Article 4, Section 4, of the city's ordinance as set out in pertinent part below:

"SECTION 4. General Business District.

"I. The regulations set forth in this Section or set forth elsewhere in this Resolution, when referred to in this Section, are the regulations in the General Business District.

"II. Use Regulations. A building or premises shall be used only for the following purposes:

. . . . . .

4. Auto repair shops provided no vehicle is stored more than ninety (90) days unless in an enclosed building.

. . . . . .

20. The following uses provided all materials are stored and all work done on the premises is done within a building:

a. Dyeing and cleaning establishment or laundry subject to Planning Commission approval.

b. Painting decorators.

c. Radio or television repair shop.

d. Dressmaking, millinery or tailoring establishment.

e. Upholstering shop, not involving furniture manufacturing.

f. Any other general service or repair establishment of similar character."

This property was undeveloped land surrounded by a chain link fence. On November 8, 1972, appellant applied for and was issued a license by the City of Fultondale to operate an automobile repair shop. Thereafter, on November 27, 1972, he received a registered letter from the Mayor of the City of Fultondale revoking his license until such time as he conformed to the Zoning Ordinance.

Appellant sought to have the court declare that he was not required to conform to Article 4, Section 4, Part II, Sub-parts 4 and 20–f, but that Sub-parts 4 and 20–f were provisions dealing with the operation of different businesses and are mutually exclusive. Appellant further sought to have the court declare that he was not required to construct a building in which to conduct an auto repair shop pursuant to the provisions of Article 4, Section 4, Sub-part 4, and the wording of Article 4, Section 4, Part II, which stated that " . . . A building or premises shall be used only for the following purposes . . . ."

On December 6, 1972, the court issued an interim decree providing that appellant's license to operate an auto repair shop remain in force, thus making the attempted revocation null and void. The interim decree further adjudged that appellant could operate an auto repair shop "provided no vehicle was stored more than ninety (90) days unless in an enclosed building . . . ."

Appellant filed a motion for summary judgment and attached affidavits, and the City of Fultondale also filed a motion for summary judgment. A hearing was held on appellant's motion for summary judgment, at the conclusion of which the court denied both motions and continued the cause for ninety days.

The City of Fultondale again moved for summary judgment on September 24, 1973, which motion was granted on February 20, 1974.

The question presented is whether the court's finding that a fenced lot does not

constitute an "auto repair shop" within the meaning of the zoning ordinance, was palpably wrong.

Wrecked and impounded cars, upon which occasional repairs were made, were regularly stored behind a locked gate on this otherwise unimproved lot.

As previously stated, appellant's land is zoned as a "General Business District" under a statute which provides in pertinent part: "A building or premises shall be used only for the following purposes: . . . (4) Auto repair shops provided no vehicle is stored more than ninety (90) days unless in an enclosed building." Appellant argues, in effect, that a building is required only if an automobile is stored more than ninety days. Although the sub-section quoted above is not a model of clarity, there cannot be any serious question but that the ordinary meaning of the words, "Auto repair shop," contemplates a building. The legal definition of the word, "shop," suggests that it is necessary to have a building: *"A building in which goods and merchandise are sold at retail, or where mechanics work, and sometimes keep their products for sale."* (Emphasis ours). Black's Law Dictionary, 1547 (Rev. 4th Ed. 1968). Unless there is a "shop" maintained, there is no auto repair shop within the conventional meaning of the words. *Allstate Insurance Co. v. Lake Shore Mutual Insurance Co.*, 33 Ill. App.2d 172, 175, 178 N.E.2d 675, 677 (1961). The last part of sub-section 4 of the zoning ordinance merely sets out a condition which auto repair shops must meet in order to comply with the zoning ordinance.

Appellant would seize upon the word, "premises," in the general heading, "building or premises," to argue that no building is required. However, it is clear that since many of the enumerated provisions in the section refer to outside use restrictions such as signs, billboards and trailer displays, the words, "or premises," are needed for inclusion of those uses in the regulatory scheme.

Clearly, the proper construction of the ordinance is to allow those who operate an auto repair shop and only those who operate an auto repair shop to permit vehicles to remain outside a building for up to ninety days. It is not to authorize auto storage unconnected with an auto repair shop for up to ninety days.

Appellant alleges that the trial court erred in taking judicial notice of the location of his property and in denying to him the right to cross-examine a competent witness regarding the said location of his property. If there was error, it was harmless error, since appellant had already alleged in Count 3 of his bill of complaint that his property was governed by Section 4 of the zoning ordinance.

There is some question as to whether a motion for summary judgment was the proper procedural vehicle for the trial judge to use in rendering his decree. However, this was not assigned as error and is therefore not before us.

This court has considered the other assignments of error which were argued and finds them to be without merit.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.